### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| HAROLD DAVID CRUISE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. A. NO. 21-0257-KD-MU |
| MELVIN RICHARDSON, | ) ) ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Harold David Cruise's *pro se* complaint against Defendant, which was filed on May 27, 2021. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Plaintiff has failed to amend his complaint as ordered by the Court and to comply with the Court's order regarding same, *see* Doc. 3, it is recommended that this action be dismissed without prejudice.

On November 5, 2021, this Court entered an Order requiring Plaintiff, who has also filed a motion to proceed without prepayment of the filing fee, to amend his complaint because the complaint he filed was deficient and could not properly be reviewed to determine whether it was frivolous. (Doc. 3). Plaintiff was ordered to file his amended complaint on or before December 3, 2021. (*Id*. at p. 2). Plaintiff was advised that failure to comply with the Court's order by December 3, 2021 would result in a recommendation that this action be dismissed without prejudice. (*Id*. at p. 3). Plaintiff has not filed an amended complaint as ordered, nor has he filed a request for an extension.

Because of Plaintiff's failure to file an amended complaint and to comply with the Court's order, and upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines). In light of this recommendation, Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is **DENIED as moot.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **22nd** day of **December, 2021**.

                            /s/ P. Bradley Murray
                            **UNITED STATES MAGISTRATE JUDGE**